## Affidavit in Support of Seizure Warrant

### I. Purpose of the Affidavit

This affidavit is respectfully submitted in support of one seizure warrant pertaining to the following internet domain name:

> bodog.com, registered with Verisign, headquartered at 487 East Middlefield Road, Mountain View, California 94043, and its registry division at 21355 Ridgetop Circle - Lakeside III, Dulles, Virginia 20166.

Your affiant submits that there is probable cause to believe that this domain name constitutes property used in violation of 18 U.S.C. section 1955 and is forfeitable pursuant to section 1955(d).

### II. Affiant

Your affiant, R. Scott Gunn, is a Detective with the Anne Arundel County Police; I have been with the Anne Arundel County Police since 1990, and I have also been a Task Force Officer assigned to Homeland Security Investigations (HSI), Immigration and Customs Enforcement (ICE) for three years. During that time, I have prepared and executed numerous state and federal search and seizure warrants, seized evidence of both state and federal violations, interviewed numerous suspects, witnesses, and informants, and evaluated evidence obtained during the course of these investigations.

### III. Applicable Statutes

18 U.S.C. section 1955
Conducting Illegal Gambling Business.

> (a) Whoever conducts, finances, manages, supervises, directs, or owns all or part of an illegal gambling business shall be fined under this title or imprisoned not more than five years, or both.
> (b) As used in this section-
>     (1) "illegal gambling business" means a gambling business which-
>         (i) is a violation of the law of a State or political subdivision in which it is conducted;
>         (ii) involves five or more persons who conduct, finance, manage, supervise, direct, or own all or part of such business; and
>         (iii) has been or remains in substantially continuous

       operation for a period in excess of thirty days or has a gross revenue of $2000 in any single day.
       (2) "gambling" includes but is not limited to poolselling, bookmaking.....
       (3) "State" means any State of the United States.
       \*   \*   \*
(d) Any property, including money, used in violation of the provisions of this section may be seized and forfeited to the United States.

Maryland Criminal Code section 12-102
Betting, wagering, gambling and related activities.
    (a) Prohibited. - A person may not:
       (1) bet, wager or gamble;
       (2) make or sell a book or pool on the result of a race, contest, or contingency;
       \*   \*   \*
       (4) receive, become the depository of, record, register, or forward, or propose, agree, or pretend to forward, money or any other thing or consideration of value, to be bet wagered or gambled on the result of a race, contest, or contingency.

## IV. Probable Cause

### Introduction

The information set forth below is based upon your affiant's review of records and upon information provided by other sworn law enforcement officers participating in this investigation. Your affiant has not included each and every fact obtained pursuant to this investigation. Your affiant has set forth those facts that he believes are essential to establish the necessary foundation for the issuance of the seizure warrant for the bodog.com domain name.

### Background

On June 11, 2009, an ICE/HSI Task Force agent acting in an undercover capacity opened an e-wallet account with EWALLETXPRESS from a computer located in the District of Maryland. The account was funded utilizing a government controlled bank account. Once established and funded, the account was utilized to fund online gambling accounts at several

2

offshore internet gaming sites including bodog.com.

Using an undercover computer located in Maryland, the ICE/HIS agent made a number of bets on sporting events on the bodog.com gambling site; the most recent bets were made in October 2011 and in January 2012. When the gambling account was set up on bodog.com, the agent was required to enter address information that identified the location of the gambler in Maryland.

On several occasions, the undercover agent was able to make winning bets and accumulated a positive balance in the undercover gambling account. On more than two occasions, the agent requested payment of winnings and was able to receive payment by check, sent to Maryland, and by cash at Western Union in Maryland.

Also, in December 2006, an undercover IRS agent established a gambling account on bodog.com from a computer located in Maryland and identified his location with an address in Maryland. That IRS agent was able to make winning bets on a number of sporting events, and then, in 2007, the agent requested payouts of those winnings. Also, in 2007, the agent received checks representing his bodog winnings; he received these checks by mail at the Maryland address that he had provided on bodog.com. This demonstrates that the bodog.com domain is being used to facilitate the gambling activity of the bodog organization.

In both of these undercover situations, the agent put up money by funding a gambling account, the agent then bet on sporting events for the chance of winning money. Maryland Criminal Code section 12-102 prohibits betting, wagering, and gambling on sporting events.

In July 2010, I participated in an interview of a confidential informant (CI-1) who is an ex-employee of bodog. During that interview, CI-1 stated that bodog has hundreds of employees, located in Canada and Costa Rica, who handle the day-to-day operations of taking bets, tracking sports events, customer service, website development, advertising, business management, financial transactions, and many other of the normal functions of running an online internet gambling site. CI-1 also named the top-level officers and directors of bodog.

The information provided by CI-1 was corroborated by numerous records obtained from payment processors and a media company that did business directly with bodog. The information was also corroborated through interviews of key personnel at these same payment processors and media company. Financial records obtained from these payment processors, media company, and related financial institutions show that bodog has been in continuous operation since at least June 2005.

HSI/ICE agents contacted Verisign, Inc., and learned that bodog.com is registered with Verisign, Inc., which is headquartered at 487 East Middlefield Road, Mountain View, California 94043, and its registry division is at 21355 Ridgetop Circle - Lakeside III, Dulles, Virginia 20166.

### Domain Name Seizure Procedure

The procedures for accomplishing the seizure of a domain name are set forth in **Attachment A** to this application and affidavit. Domain names are registered and activated by VeriSign and others, known as "registries." The registry should be directed to restrain and lock the domain name bodog.com pending transfer of all right, title, and interest in that domain name to the United States. Upon seizure of the domain

name by ICE, VeriSign will be directed to point the specified domain name, bodog.com, to a particular IP Internet address, which will display a web page notifying users that the domain name has been seized by the government.

Your affiant knows that in forfeiture cases, the probable cause standard to support a seizure warrant is the same as that in search and seizure cases, requiring a court "'to make a practical, common-sense decision whether, given all the circumstances set forth ... there is a fair probability' that the properties to be forfeited are proceeds of illegal ... transactions." United States v. Thomas, 913 F.2d 1111, 1114 (4th Cir. 1990)(drug case).

### Warrants for out of state property

Based upon my training and experience, I know that 18 U.S.C. section 981(b)(3) provides that "a seizure warrant may be issued ... by a judicial officer in any district in which a forfeiture action against the property may be filed under Section 1355(b) of title 28, and may be executed in any district in which the property is found...." According to 28 U.S.C. Section 1355(b), a forfeiture action may be brought in "the district court for the district in which any of the acts or omissions giving rise to the forfeiture occurred...." Because some of the gambling transactions were conducted in Maryland and some of the payouts of gambling proceeds were sent to Maryland, the forfeiture action can be brought in Maryland, and the seizure warrant may be issued in Maryland.

### V. Conclusion

Based on the foregoing, your affiant submits that there is probable cause to believe that the domain name bodog.com constitutes property used in violation of 18 U.S.C. section 1955

and is forfeitable pursuant to section 1955(d), and should be seized using the procedures set forth in **Attachment A**.

R. Scott Gunn
Detective
Anne Arundel County Police
Task Force Officer
Homeland Security Investigations


Subscribed and sworn before me on February 27, 2012.

Susan K. Gauvey
United States Magistrate Judge

# ATTACHMENT A

I.  **Seizure Procedure**

    A.    The seizure warrant will be presented in person or transmitted via facsimile or email to personnel of the domain name registry listed in Section II ("Subject Registry") who are directed, for the domain name listed in Section III ("Subject Domain Name") for which it serves as the top-level domain registry, to make any changes necessary to restrain and lock the domain name pending transfer of all rights, title, and interest in the Subject Domain Name to the United States upon completion of forfeiture proceedings.

    B.    Upon seizure of the Subject Domain Name, the Subject Registry shall point the Subject Domain Names to IP address 74. 81. 170. 109 (for "ns.1.< domain name >" name server fields) and 74. 81. 170. 108 (for "ns2.< domain name >" name server fields), at which the Government will display a web page with the following notice:

> This domain name has been seized by ICE - Homeland Security Investigations, Special Agent in Charge, Baltimore, in accordance with a seizure warrant, obtained with the assistance of the United States Attorney's Office for the District of Maryland, and issued pursuant to 18 U.S.C. §§ 981 and 1955(d) by the United States District court for the District of Maryland.
>
> It is unlawful to conduct an illegal gambling business in violation of 18 U.S.C. §§ 1955, and any property used in violation of that section is subject to seizure and forfeiture pursuant to 18 U.S.C §§ 1955(d).

    C.    Upon seizure of the Subject Domain Name, the Subject Registry will take all steps necessary to restrain and lock the domain at the registry level to ensure that changes to the subject domain name cannot be made absent a court order or, if forfeited to the United States government, without prior consultation with United States Immigration and Customs Enforcement. All name server fields will be changed to reflect "ns1.[Subject Domain Name]" and "ns2.[Subject Domain Name]" i.e:

> "ns1.bodog.com" and/or "ns2.bodog.com"

II. **Subject Registry**

    VeriSign, Inc.
    21355 Ridgetop Circle
    Dulles, Virginia 20166

III. **Subject Domain Name**

    Bodog.com